UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

                                Criminal Case No. 09-20492
                                Civil Case No. 10-15175
                                Honorable Denise Page Hood

EARL SCHERMERHORN,

    Defendant-Petitioner.

_____/

**ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**
and
**ORDER DISMISSING CASE NO. 10-15175**

**I.    BACKGROUND**

On October 7, 2009, Schermerhorn was charged in a two-count Indictment, charging Petitioner with the following: Count I, distribution of child pornography; and Count II, possession of child pornography.  On February 12, 2010, Schermerhorn, accompanied by his court appointed counsel, Andrew Wise, entered a plea of guilty to Count I of the indictment, distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2).  Count II of the Indictment, for possession of child pornography, was dismissed as a condition of the Plea Agreement.  On September 9, 2010, the Court sentenced Schermerhorn to 84 months of imprisonment.  Schermerhorn did not appeal the sentence of the Court.  On December 28, 2010, Schermerhorn filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.  The Government filed a response to the motion.

## II.  APPLICABLE LAW

### A.  Section 2255 Motions

Motions brought under 28 U.S.C. § 2255 must present a challenge to the constitutionality of the sentence.  *United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1991).  Section 2255(a) states that "A prisoner in custody under sentence of a court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence."  28 U.S.C.A. § 2255.

In an action to vacate, correct, or set aside a sentence, the Court is required to grant a hearing to make findings of fact and conclusions of law "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  *Id*.  On the other hand, no hearing is required if the Petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact."  *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999).

### B.  Sixth Amendment of the United States Constitution

Under the Sixth Amendment, a defendant has a right to "have the Assistance of Counsel for his defence."  U.S. Const. Amend. VI.  A defendant under the Sixth Amendment has a right to "reasonably effective assistance of counsel."  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In *Strickland*, the Supreme Court articulated a two prong test for ineffective counsel:

> First, the defendant must show that counsel's performance was deficient.
> This requires showing that counsel made errors so serious that counsel

> was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown of the adversary process that renders the result unreliable.

*Id*.

"There is a strong presumption that legal counsel is competent."  *United States v. Osterbrock*, 891 F.2d 1216, 1220 (6th Cir. 1989).  In addition, a "reviewing court must give a highly deferential scrutiny to counsel's performance."  *Ward v. United States*, 995 F.2d 1317, 1321 (6th Cir. 1993).  "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances." *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986).

### III.     ANALYSIS

#### A.     First Prong of the *Strickland* Test: Deficiency of Counsel's Performance

Schermerhorn claims that as a result of the ineffective assistance of his court appointed counsel, Andrew Wise, who urged Petitioner to plead guilty to distribution of child pornography despite knowledge that the Government had no evidence of distribution, his sentence should be vacated, set aside, or corrected.  In support of Petitioner's claim, Petitioner refers to a portion of his sentencing hearing where he claims this Court repeatedly asked if the Government had evidence of distribution, to which the Government's response was in the negative.  Pet'r's Mot. Vacate at 4.  In response, the Government argues that Petitioner's claim that there was insufficient evidence that he distributed child pornography is both factually and legally incorrect, and that his related criticism of his attorney in that respect lacks merit.

Under the first prong of the *Strickland* test, the "defendant must show that counsel's performance was deficient." *Strickland*, 466 U.S. at 668. The proper measure of counsel's performance is "reasonableness under prevailing professional norms." *Id*. In addition, a defendant asserting a claim of ineffective assistance of counsel "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. at 690.

In *United States v. Darway*, an analogous case, the defendant was convicted on a plea of guilty to one count of receipt and distribution of child pornography. 255 F.App'x 68 (6th Cir. 2007). The court in *Darway* rejected the defendant's argument, who argued that because he did not actively seek to deliver files to others, he should not be held liable for distribution. *Id*. at 70-72. The court found that the defendant's conduct constituted distribution in violation of 18 U.S.C. § 2252A(a)(2) where the defendant used LimeWire to share images of child pornography. *Id*. at 70-72. Other courts, in addition to the *Darway* court, have also held that maintaining files in publically accessible folders qualifies as distribution. *See, e.g.*, *United States v. Carani*, 492 F.3d 867, 876 (7th Cir. 2007) (holding that making child pornography available for others to access and download through a peer-to-peer file sharing program qualifies as "distribution"); *United States v. Shaffer*, 472 F.3d 1219, 1223 (10th Cir. 2007) (noting that because the defendant maintained an open file, the defendant distributed child pornography in the sense of having 'delivered,' transferred,' 'dispersed,' or 'dispensed' it to others).

In this case, Petitioner's act of sharing child pornography on LimeWire constitutes "distribution" within the meaning of the statute under the Sixth Circuit case of *Darway*. In order to demonstrate the sufficiency of its evidence against Petitioner in support of a conviction for

distribution of child pornography, the Government quoted portions of the transcript from Petitioner's February 12, 2010 plea hearing, a copy of which was not filed or included as an exhibit to the Government's response.  By Petitioner's own admissions, Petitioner acknowledged that he downloaded and viewed child pornography from LimeWire, a peer-to-peer file sharing program.  Gov't's Resp. To Pet'r's Mot. Vacate at 5.  Petitioner also stated that he knew that LimeWire allowed others to view and download the images of child pornography that he had downloaded to his computer.  *Id*. at 5-6.  Lastly, Petitioner acknowledged that there were two separate occasions where agents of the FBI were able to access images of child pornography from his computer.  *Id*.

Petitioner's reliance upon a line of questioning at Petitioner's September 9, 2010 sentencing hearing between this Court and the Government in regards to the Government's evidence of distribution against Petitioner is not accurate.  Pet'r's Mot. Vacate at 4.  Rather than acknowledging that the Government had no evidence of distribution at all, as Petitioner maintains, this Court was merely attempting to clarify the manner in which the distribution had occurred.  Gov't's Resp. To Pet'r's Mot. Vacate at 8.  At the sentencing hearing, the Government admitted that it did not have any evidence that Petitioner actively advertised or sent out the images at issue.  *Id*.  Although the Government does not have evidence that Petitioner actively sent out files, such conduct is not required by the law to support a finding of distribution in violation of 18 U.S.C. § 2252A(a)(2).

Upon further review of the record, the Government had sufficient evidence of distribution to convict Petitioner under § 2252A(a)(2) and the advice of Petitioner's counsel to enter the plea agreement was not deficient.  As a result, Petitioner has failed to satisfy the first prong of the

Strickland test.

  **B.**  **Second Prong of the *Stickland* Test: Deficiency Prejudicing the Defense**

Under the second prong of the *Strickland* test, the "defendant must show that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 668. In fact, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691.

In this case, Petitioner has failed to show that how he was prejudiced by the performance of his court appointed counsel. In fact, as the Government argues, Petitioner benefitted significantly from his counsel's advice. In the plea agreement, the Government agreed to recommend a three-level reduction for acceptance of responsibility under U.S.S.G. Section 3E1.1, which decreased Petitioner's guidelines range for Count I from 188-235 months to 135-168 months. Gov't's Resp. To Pet'r's Mot. Vacate at 9-10. This significantly benefitted Petitioner as it lowered his guidelines range and allowed him to legitimately argue that he had accepted responsibility for his actions and was seeking treatment to prevent future incidents. *Id*. at 10. Had the Petitioner chosen to go to trial rather than accept the plea agreement offered by the Government, he would have faced a sentence of up to 235 months imprisonment. *Id*. This Court ultimately sentenced Petitioner to 84 months imprisonment, a term that is approximately one third the duration of imprisonment he could have been sentenced to under the suggested sentencing range if Petitioner were to proceed to trial. *Id*.

Petitioner has failed to show that he was prejudiced by the performance of his court appointed counsel. As a result, Petitioner has failed to satisfy prong two of the *Strickland* test.

**IV.**  **CERTIFICATE OF APPEALABILITY**

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. Fed. R. App. P. 22. Rule 11 of the Rules Governing Section 2255 Proceedings, which was amended in February 1, 2011, requires that a "district court must issue or deny a certificate of appealability when it enters a final order." Rules Governing § 2254/2255 Cases In The U.S. Dist. Courts 11. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showings or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

For the reasons set forth above, the Court finds that Petitioner has not shown that his constitutional rights have been violated. This Court will not issue a certificate of appealability in this case.

## V. CONCLUSION

In order to make out a claim for ineffective counsel, Petitioner must satisfy both prongs of the *Strickland* test. In this case, Petitioner has failed to satisfy either prong.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 **[Case No. 09-20492, Docket No. 21, filed December 28, 2010]** is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Discovery **[Docket No. 23, filed on January 18, 2011]** is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Sentencing Hearing Transcript **[Docket No. 24, filed on January 18, 2011]** is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Request for Appointed Counsel **[Docket No. 25, filed on March 3, 2011]** is **DENIED**.

**IT IS FURTHER ORDERED** that the Petition to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 **[Case No. 10-15175, filed December 28, 2010]** is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability not issue in this case.


       s/Denise Page Hood
       United States District Judge

Dated: June 30, 2011

I hereby certify that a copy of the foregoing document was served upon Earl Schermerhorn #43899039, P.O. Box 1000, Loretto, PA 15940 and counsel of record on June 30, 2011, by electronic and/or ordinary mail.

       s/LaShawn R. Saulsberry
       Case Manager